## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

ROBIN L. LANGER,                       Civil Action No. 4: 09CV10290
f/k/a ROBIN L. JOHNSON          Hon.
          Plaintiff,

v.

RESURGENT CAPITAL SERVICES, LP,       **COMPLAINT**

          Defendant.          **JURY TRIAL DEMANDED**
_____/

Roger G. Cotner, Esq. (P36539)
COTNER LAW OFFICE
Attorney for Plaintiff
PO Box 838
Grand Haven, MI 49417
616-846-7153
cotner@chartermi.net


_____/

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to

15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of Defendant's violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a

consumer debt from Plaintiff.

3.    Venue is proper in this District because the acts and transactions

occurred here, Plaintiff resides here, and Defendant transacts business here.

1

**PARTIES**

4.      Plaintiff Robin L. Langer, formerly known as Robin L. Johnson, is a natural person who resides in the County of Livingston, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Resurgent Capital Services LP (hereinafter "Defendant" or "Resurgent"), is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers operating from an address of 15 South Main Street, Suite 600, Greenville, SC 29601, among others, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

6.      On or around August 26, 2008, Defendant mailed a notice to the Plaintiff about an alleged consumer debt owed to Dell Financial Services and assigned to Defendant.  This was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).  A copy of the notice is attached as Exhibit A and incorporated here.

7.      On September 4, 2008, Plaintiff mailed a letter to Resurgent informing Resurgent of its violation of the FDCPA, disputing the debt, and requesting validation of the debt.  A copy of Plaintiff's letter is attached at Exhibit B and incorporated here.

8.      On September 25, 2008, Resurgent sent another letter to Plaintiff that sought to collect the disputed consumer debt.  This was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).  A copy of Defendant's letter is attached at Exhibit C and incorporated here.

2

9.     On October 27, 2008, Resurgent sent another letter to Plaintiff that sought to collect the disputed consumer debt.  This was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).  A copy of Defendant's letter is attached at Exhibit D and incorporated here.

10.     Defendant has not provided Plaintiff with validation of the alleged consumer debt as of today.

11.     Defendant has not provided Plaintiff with the original creditor's name and address as requested in her September 4, 2008, letter.

12.     More than thirty days have elapsed since Plaintiff's September 4, 2008, request for validation of the debt.

13.     Neither of Defendant's letters to Plaintiff included a "statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector" as required by 15 USC §1692g(a)(3).

14.     Neither of Defendant's letters to Plaintiff included  "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector" as required by 15 USC §1692g(a)(4).

15.     Neither of Defendant's letters to Plaintiff included  "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the

3

current creditor" as required by 15 USC §1692g(a)(5).

     16.    Notwithstanding the Plaintiff's request for validation of the alleged

consumer debt, and for the original creditor's name and addrees, the Defendant has

continued to attempt to collect this debt from the Plaintiff in violation of 15 USC

§1692g(b).

     17.    As a result of its collection communications, Defendant repeatedly failed

to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a)(3-5), in violation of

of the FDCPA.

     18.    The above-detailed conduct by this Defendant of harassing Plaintiff in an

effort to collect this debt was a violation of numerous and multiple provisions of the

FDCPA, including but not limited to all of the above mentioned provisions of the

FDCPA, and resulted in actual damages to this Plaintiff.

     19.    This series of abusive collection contacts by Defendant has extremely

distressed Plaintiff.

     20.    Plaintiff has devoted approximately twenty hours of her time in reviewing

Defendant's communications; investigating her rights and remedies regarding a debt

that is not hers; writing a letter to Defendant to dispute the alleged debt; looking for an

attorney qualified to handle this type of matter; and preparing documents for and

communicating with her attorney regarding this matter.

     21.    Plaintiff earns approximately $23.56 per hour in her regular employment

as a Service Operations Specialist in the automotive industry.

     22.    Plaintiff has incurred approximately $26.60 is postage, office supplies,

etc., as a result of Defendant's attempts to collect a debt which Plaintiff does not owe.

4

23.     Plaintiff has suffered extreme embarrassment in her small hometown.

24.     Plaintiff has recently located to Howell, Michigan.

25.     Plaintiff recently applied for a mortgage only to discover that this disputed debt blemished her credit to the extent that she did not qualify for the mortgage requested.

26.     Plaintiff has lost sleep over this matter, waking up in the middle of the night worrying about this debt and Defendant's refusal to provide her with the validation information requested.

27.     Plaintiff has also recently suffered from gastrointestinal difficulties which she believes are caused by the stress related to Defendant's actions, and inactions, regarding this debt.

28.     Plaintiff suffers from several skin abnormalities that her health care provider believes are caused and brought on by stress.

29.     Plaintiff regularly takes several medications prescribed by her health care provider to help control her skin abnormalities.

**TRIAL BY JURY**

30.     Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

5

31.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.    The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*., with respect to Plaintiff.

33.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

•    for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

•    for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

•    for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

                                        Respectfully submitted,


Date: 27 January 2009                    /s/ Roger G. Cotner
                                        Roger G. Cotner (P36569)
                                        Attorney for Plaintiff
                                        COTNER LAW OFFICE
                                        220 Franklin Avenue
                                        P.O. Box 838
                                        Grand Haven, MI  49417
                                        616-846-7153
                                        cotner@chartermi.net

**VERIFICATION OF COMPLAINT AND CERTIFICATION**


STATE OF MICHIGAN            )

                            ) ss

COUNTY OF LIVINGSTON         )


      Plaintiff Robin L. Langer, having first been duly sworn and upon oath, deposes and says as follows:

      1.     I am the Plaintiff in this civil proceeding.

      2.     I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

      3.     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

      4.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

      5.     I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

      6.     Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7.      Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


_____
Robin L. Langer

Subscribed and sworn to before me
this _15_ day of November, 2008.


_____

Notary Public, State of Michigan, County of Livingston_____
My commission expires _____10 – 04  2013_____.
Acting in the County of _____Livingston_____

DIANE R BROOKS
Notary Public, State of Michigan
County of Livingston
My Commission Expires Oct. 04, 2013
Acting in the County of _Livingston_

9